IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| FREDRICK KHALEES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 619-119 |
| | ) | |
| SGT HARDEN; C.O. ALBERCROMBIE; | ) | |
| and C.O. HOWARD, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Hancock State Prison in Sparta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Georgia State Prison at Reidsville, Georgia.  Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   **SCREENING OF THE COMPLAINT**

   A.   **BACKGROUND**

Plaintiff names as Defendants: (1) Sergeant Harden; (2) Officer Albercrombie; and (3) Officer Howard.  (Doc. no. 1, pp. 1, 4.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Generally, Plaintiff alleges Defendants failed to follow policies and procedures regarding

inmate violence, resulting in Plaintiff being stabbed. (Id. at 5.) Specifically, on January 25, 2018, at Georgia State Prison ("GSP"), Defendants, along with other officers, entered Plaintiff's dorm building in response to suspicious inmate movement. (Doc. no. 1, p. 7.) Unknown officers ordered inmate Henderson to gather his property so he could be removed from Plaintiff's dorm building for his safety. (Id.) The Standard Operating Procedure ("SOP") for securing dorms during an inmate's removal states all inmates must be in their cells on lockdown until the inmate has been removed. (Id.) However, officers did not lock down the dorm building and allowed inmates to roam around freely. (Id.)

While inmate Henderson gathered his property, Plaintiff spoke to him in the common area. (Id.) At that time, inmates began fighting, resulting in three inmates being stabbed. Plaintiff was attacked by three inmates wielding knives, who stabbed Plaintiff and caused significant injuries. (Id. at 7-8.) Two inmates involved in the fighting were assigned to a different dorm building and not authorized to enter the dorm building where Plaintiff was located. (Id.) In response to the fighting, officers locked down the dorm building, including Plaintiff and the other injured inmates. (Id. at 8.) Once in his cell, Plaintiff's cell mate, Joshua Harris, attempted to stop Plaintiff's bleeding. (Id.) At no point did any officers perform a check of the inmates to determine if anyone was injured. (Id.)

Under Georgia Department of Regulations ("GDC"), whenever there is a violent altercation among inmates, officers are supposed to check the inmates to determine if medical attention is needed. (Id.) Forty-five minutes after officers placed Plaintiff in his cell, Officer Howard made his rounds in the dorm building to pass out mail and found Plaintiff bleeding. (Id.) Officer Howard escorted Plaintiff to medical, but neither Officer

2

Howard nor Lieutenant Holmes checked to see if other inmates were injured. (Id. at 9.) It was not until Plaintiff was in medical did Captain Johnson begin asking Plaintiff if other inmates were injured. (Id.)

Medical staff at GSP treated Plaintiff first, and two hours later, officers moved Plaintiff to segregation for evaluation, placing him on the Tier II Disciplinary Program. (Id.) As a result of the stabbing, Plaintiff experienced severe pain, loss of feeling in his left arm, and suffered mental and emotional injuries. (Id. at 10.) For relief, Plaintiff requests $45,000 in compensatory damages, and $2,500 in nominal damages from each Defendant. (Id. at 6.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants for Violating SOP and GDC Policies and Procedures

Plaintiff alleges Defendants violated SOP and GDC polices and procedures for not locking the dorm building while removing an inmate and failing to check all inmates for injuries after a fight. (Doc. no. 1, pp. 5, 7-9.) An allegation of non-compliance with a prison or jail regulation by prison and jail officials is not, in itself, sufficient to give rise to a claim upon

4

which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (noting many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and "such regulations are not designed to confer rights on inmates); Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), adopted by, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Defendants based on any alleged violation of SOP and GDC polices and procedures.

### 3. Plaintiff Fails to State a Claim Based on Deliberate Indifference to a Substantial Risk of Serious Harm

Plaintiff alleges Defendants' failure to follow SOP and GDC polices and procedures led to Plaintiff being stabbed. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).[2] When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component,

> a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability. Brown, 894 F.2d at 1537. Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff does not allege Defendants knew of a problem between Plaintiff and the inmates who attacked him or had any information in advance suggesting Plaintiff would be attacked. Cf. Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003) (*per curiam*) (requiring "much more than mere awareness" of an inmate's generally problematic nature to impose liability for failing to protect against attack). Because the complaint fails to show Defendants had subjective knowledge of a substantial risk of harm, it fails to state a claim.

### 4. Plaintiff Fails to State a Claim for Deliberate Indifference to a Serious Medical Need

To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

7

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for

Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010). Furthermore, the Court should not second-guess medical judgments. Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

Plaintiff does not allege Defendants were aware of any injury to Plaintiff until Officer Howard made his rounds in the dorm building and promptly sent Plaintiff to medical. Therefore, Plaintiff failed to state a claim for deliberate indifference against Defendants.

### 5. Motion for Service of Summons

On March 17, 2020, Plaintiff filed a motion for service of summons on Defendant, seeking the Court issue serve process on Defendants. (Doc. no. 11.) However, because Plaintiff's complaint must be screened to protect potential Defendants and the Court recommends dismissal of Plaintiff complaint for failure to state a claim, Plaintiff's motion should be **DENIED**. (Id.; see Phillips, 746 F.2d at 785; Al-Amin, 165 F. App'x at 736.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for service of summons be **DENIED**, (doc. no. 11), Plaintiff's complaint be

9

**DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 3rd day of April, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA