FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 MAY -1 PM 2:36

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| FREDRICK KHALEES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 619-119 |
| | ) | |
| SGT HARDEN; C.O. ALBERCROMBIE; | ) | |
| and C.O. HOWARD, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 15.) Although nothing in Plaintiff's objections undermines the Magistrate Judge's recommendation, the Court will briefly address two arguments.

Plaintiff argues the Magistrate Judge mischaracterized his complaint by stating only "unknown officers" entered Plaintiff's dorm building to remove an inmate for safety when Plaintiff actually alleged the named Defendants entered the dorm building. (Doc. no. 15, p. 2; see doc. no. 13, p. 2; doc. no. 1, p. 7.) However, Plaintiff mischaracterizes the Magistrate Judge's recitation of Plaintiff's complaint. The R&R specifically states "Defendants, along with other officers, entered Plaintiff's dorm." (Doc. no. 13, p. 2.) Plaintiff's complaint specifically referred to each named Defendant throughout the complaint and used "officers" generally at other times. (Id. at 7-8.) Thus, the Magistrate Judge clearly understood and

stated the named Defendants entered Plaintiff's dorm building. Further, even if Plaintiff is alleging only the named Defendants entered Plaintiff's dorm, Plaintiff still fails to state a claim because Plaintiff failed to allege any named Defendant was aware of any substantial risk of serious harm to Plaintiff or made aware of his injuries after the stabbing.

Plaintiff also argues the Magistrate Judge incorrectly found Plaintiff failed to state a claim based on deliberate indifference to a substantial risk of serious harm because Defendants knew of a danger posed by another inmate being removed from Plaintiff's dorm. Simply put, Plaintiff argues any knowledge of danger to any inmate known by Defendants creates liability under 42 U.S.C. § 1983. Plaintiff is incorrect, and the decision he cites for support of his argument actually undermines it. Defendants must be subjectively aware of a substantial risk of serious harm to Plaintiff and not a generalized risk. See Goodman v. Kimbrough, 718 F.3d 1325, 1332-33 (11th Cir. 2013) (holding risk to plaintiff is what matters and officers did not have knowledge of substantial risk of serious harm to plaintiff where different inmate pressed emergency button); Winstead v. Williams, 750 f. App'x 849, 851 (11th Cir. 2018) ("The plaintiff 'must show more than a generalized awareness of risk.'" (quoting Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1101-02 (11th Cir. 2014))). Plaintiff alleges a generalized awareness of risk and knowledge of a threat to another inmate instead of a threat to himself.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's motion for service of summons, (doc. no. 11), **DISMISSES** Plaintiff's complaint for failure to state a

claim upon which relief may be granted, and **CLOSES** this civil action.

SO ORDERED this \_\_1st\_\_ day of \_\_May\_\_, 2020, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA