IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| FREDRICK KHALEES, | * | |
| Plaintiff, | * | |
| v. | * | CV 619-119 |
| SGT HARDEN; C.O. ALBERCROMBIE; and C.O. HOWARD, | * | |
| Defendants. | * | |

**O R D E R**

Before the Court are pro se Plaintiff Fredrick Khalees' motions for order on filing fees (Doc. 21) and for leave to appeal *in forma pauperis* ("IFP") (Doc. 22). For the following reasons, the motion for order on filing fees is denied as moot, and the motion for leave to appeal IFP is denied.

Plaintiff's first motion asks the Court to order the deduction of funds from his Inmate Trust Account to pay the outstanding filing fees in this case. However, docket entries reflect that the Court has been receiving filing fee payments throughout the pendency of this case. This is consistent with the Order directing monthly payments be made from Plaintiff's Inmate Trust Account. (See Doc. 7.) Therefore, Plaintiff's motion for order on filing fees (Doc. 21) is **DENIED AS MOOT**.

Plaintiff's second motion is for leave to appeal IFP. The requirements for litigants seeking to proceed IFP on appeal are set forth in 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. In addition to certain financial requirements, section 1915(a)(3) provides: "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." Additionally, if a party receives IFP status in the district court action, Federal Rule of Appellate Procedure 24(a)(3) applies: "A party who was permitted to proceed [IFP] in the district[]court action . . . may proceed on appeal [IFP] without further authorization, unless: (A) the district court . . . certifies that the appeal is not taken in good faith . . . ."

An appeal is not taken in good faith if it is frivolous. See Coppedge v. United States, 369 U.S. 438, 445 (1962). For purposes of a motion to proceed IFP, an appeal is "frivolous if it is without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citation and internal quotation marks omitted). In determining whether to grant a motion to proceed on appeal IFP, trial courts possess "wide discretion" and recognize the privilege should be extended "sparingly." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (citation omitted).

Plaintiff asserts two grounds on appeal: first, that this Court erred in dismissing his complaint for failing to state a claim because he had proved a violation of his Eighth Amendment rights, and second,

2

that this Court erred in applying an "unreasonable standard in evaluation of 'deliberate indifference' . . . ." Both of these arguments are addressed and appropriately resolved in the Report and Recommendation adopted by this Court and raising them again is frivolous. (See Docs. 13, 16.) Accordingly, the motion for leave to appeal IFP (Doc. 22) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 23rd day of June, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA